# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 7, 2026

Lyle W. Cayce
Clerk

———————

No. 24-40399
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Christopher Andrade,

*Defendant—Appellant*.

———————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:18-CR-1691-3

———————————————

Before Wiener, Willett, and Wilson, *Circuit Judges*.

Per Curiam:*

A jury convicted Defendant-Appellant Christopher Andrade of conspiracy to commit murder-for-hire, and the district court sentenced him to 120 months of imprisonment and three years of supervised release. He challenges his conviction on three grounds: (1) the sufficiency of the evidence regarding his knowledge of the identity of the victim and the Government's

————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

obligation to prove same; (2) the omission of a jury instruction including the identity of the victim as an element of the offense; and (3) the admissibility of certain redirect testimony by two prosecution witnesses.

Andrade cannot show plain error regarding the Government's obligation to prove that he knew the identity of the target of the murder-for-hire conspiracy. *See United States v. Wilson*, 143 F.4th 647, 666 (5th Cir. 2025). Because the record supports an inference that Andrade knew the identity of the intended target, he cannot make the requisite showing on plain error review that the record is devoid of evidence sustaining his conviction. *See United States v. Yusuf*, 57 F.4th 440, 444–45 (5th Cir. 2023); *United States v. Davis*, 690 F.3d 330, 337 (5th Cir. 2012).

The jury instruction issued by the district court did not include knowledge of the identity of the target of the murder-for-hire conspiracy as an element of the offense. That instruction, which was a correct statement of the law, did not misguide the jury or result in the difference between acquittal and conviction, given the evidence demonstrating Andrade's guilt. *See United States v. Capistrano*, 74 F.4th 756, 769–70 (5th Cir. 2023).

Finally, the district court did not abuse its discretion by allowing two law enforcement witnesses to testify to the statements made by Andrade's coconspirators. The government elicited those statements in response to the defense's cross-examination regarding the sufficiency of the investigation into Andrade's use of a particular phone number and nickname. *See United States v. Mendoza-Medina*, 346 F.3d 121, 127 (5th Cir. 2003); *United States v. Walker*, 613 F.2d 1349, 1353 (5th Cir. 1980). To the extent the testimony constituted inadmissible hearsay, the admission was harmless. *See Mendoza-Medina*, 346 F.3d at 127.

AFFIRMED.